# THE PEOPLE OF · THE STATE OF CALIFORNIA v. FRISBIE AND CASTRO.

IN suit against two on a joint assessment for taxes, judgment may be rendered against one only of the defendants, if the other be not liable.

The common law rule, that where defendants are sued on a joint contract, recovery must be had against all or none, modified by our Practice Act.

*Query.* Whether the rule is entirely abrogated.

New York cases cited.

APPEAL from the Seventh District.

Suit for delinquent taxes in Contra Costa, under the Act of April 8th, 1861. The complaint avers, that defendants are indebted to plaintiffs three hundred and thirty-five dollars, due and owing for taxes, levied as follows :

" For State tax, levied in the year 1860, sixty cents
on each one hundred dollars................... $69 45

" Tax for county General Fund, levied in the year
1860, fifty cents on each one hundred dollars.... 57 88."

[Then follow five similar items, showing the tax for the different county funds, as " Sinking," " School," " Road," etc., and also an item of " five per cent. after the third Monday of October, fifteen dollars and ninety-one cents," and " advertising," one dollar] ; that said taxes were duly levied upon and assessed to said defendants, and against the following property belonging to them in Contra Costa county : [then follows a description of the real estate assessed for the year 1860, with the value of the same] ; that the amount of taxes so levied and assessed is a lien on said real estate ; and that defendants have refused to pay, etc.   Prayer for judgment for the sum claimed, with an order of sale of the property to satisfy the lien.

Castro answered.   Frisbie demurred, on the grounds : first, that the county of Contra Costa is a necessary party ; second, that several causes of action have been improperly united, in this : that plaintiff sues to recover a debt due the county, and also to recover a debt due the State ; third, that an action, at law and in equity are united ; fourth, that the complaint does not state facts sufficient to constitute a cause of action.

Further facts appear in the opinion of the Court.    Defendants had judgment.    Plaintiffs appeal.

*W. W. Theobalds*, for Appellants.

*Whitman & Wells*, for Respondent Frisbie.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is a suit brought under the provisions of an act passed in April, 1861, to provide for the collection of delinquent taxes in the county of Contra Costa, etc.    The case of the *People* v. *Seymour* (16 Cal. 332) is decisive of the right of the plaintiffs to maintain the action ; and the complaint contains all the allegations necessary to entitle them to recover.    The defendants interposed separate defenses, but Castro alone filed an answer ; Frisbie, relying upon a demurrer to the complaint, declined to make any other defense. On a trial of the issue as between the plaintiffs and Castro, the latter recovered judgment ; and a judgment was thereupon entered in favor of Frisbie also.    This was done on the ground that the plaintiffs having failed as against Castro, were not entitled to a several judgment against Frisbie.    Their right to such a judgment is the only question raised by the appeal.

The matter in controversy is in the nature of a debt, and the rules of practice prevailing in cases of contract must govern our determination of the question before us.    This is the view upon which the case is argued on behalf of the respondent, but we think the conclusion arrived at cannot be maintained.    It rests upon a technical rule of the common law, and although this rule is perhaps not entirely abrogated by our statute, we have recently held that its operation has been materially modified and restricted.    The statutory provisions upon the subject were taken literally from the Code of Procedure of New York ; and it is settled by a uniform course of decisions in that State, that in cases of contract involving professedly a joint liability, the common law rule requiring a recovery against all of the defendants or none, does not apply. " When two defendants," said the Court, in *Claflin* v. *Butterly*,

(5 Duer, 327) " are sued jointly on a contract which on its face is the joint contract of both, but which in legal effect was, at all times, the contract of one only, a judgment may be rendered against the party liable, and in favor of the other." Several cases to the same effect are cited in the opinion of the Court; and among them, the case of *Brumskill* v. *James*, (1 Ker. 294) in which the Court said : " The defendant relies upon the general rule of the common law, that where a joint contract is the subject of the suit, the recovery must be against all the defendants, or neither. This was the inconvenience which the provisions of the code was designed to remedy."

The action in this case is based upon a joint assessment, and although one of the defendants is not liable, we think the plaintiffs should have recovered against the other. We regard the case as a proper one for a several judgment, in accordance with the provisions of the statute.

Judgment reversed and cause remanded for further proceedings.

See *Lewis* v. *Clarkin*, *infra*.