[No. 12145.  Department Two. — January 27, 1890.]

JOSEPH E. SHAIN, APPELLANT, v. ALEXANDER
B. FORBES ET AL., RESPONDENTS.

NONSUIT.— STATEMENT OF GROUNDS OF MOTION. — When a party moves for a
nonsuit, the grounds of the motion must be precisely stated, and no
other grounds than those stated can be considered by the court in pass-
ing upon the motion or on appeal.

ID. — EMPLOYMENT OF ATTORNEY — ACTION FOR SERVICES — PLEADING —
ADMISSION OF ANSWER — SPECIAL CONTRACT — MISJOINDER — BURDEN
OF PROOF. — A motion for nonsuit in an action to recover the value of
services rendered by plaintiff's assignor as an attorney, against two de-
fendants jointly, cannot be granted as to either of them on the ground
that there is no evidence tending to show employment of the attorney
by either defendant, if the answer admits that services were rendered by
plaintiff's assignor as attorney for the defendants in separate actions
brought in their separate names, and there is evidence to show the value
of the services.  The fact that the answer also pleads a special contract
with one of the defendants for each of the suits, which had been ratified
and confirmed by the other defendant, and that full payment was made
under the terms of that special contract, and further, that there is a
misjoinder of parties defendant, and of causes of action, cannot be consid-
ered upon the motion for nonsuit.  The services being admitted, and evi-
dence given as to their value, a *prima facie* case was made against the
defendants for the recovery of a reasonable compensation, and the burden
was upon them to meet it.  The misjoinder of parties defendant or of
causes of action, not being specified as ground of the motion, could not
justify an order granting a nonsuit.

COMPETENCY OF WITNESS — JOINT ACTIONS AGAINST REPRESENTATIVES OF
DECEDENT AND CO-DEFENDANT. — When a plaintiff prosecutes a joint
action for the value of services rendered by his assignor upon a demand
against the representatives of a decedent and a co-defendant, the plain-
tiff's assignor, though not a competent witness against such repre-
sentatives to prove his employment by the decedent, is competent to
testify against the co-defendant against whom a several judgment might
be rendered.

ID. — JOINT ACTIONS — CHANGE OF COMMON-LAW RULE — JOINT CONTRACT
— SEVERAL JUDGMENT. — The common-law rule that there could be no
several judgment in a joint action, and that therefore testimony which was
incompetent as to one defendant in such action is incompetent for any
purpose, has from the earliest time been changed by statute in this state.
Under section 578 of the Code of Civil Procedure, which is a re-enactment
of section 145 of the old Practice Act, where two persons are sued jointly
upon a joint contract, several judgments may be given for or against them.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

LXXXII. CAL.—37

The facts are stated in the opinion.

*Gordon & Young*, for Appellant.

*Henry E. Highton*, for Respondents.

BELCHER, C. C. — This is an appeal from a judgment of nonsuit.

The action was originally brought by the plaintiff, as assignee of one Vincent Neale, an attorney at law, to recover from the defendants, Alexander Forbes and William McPherson, the sum of $2,021, alleged to be due for professional services performed, and money expended for them, at their special instance and request, by plaintiff's assignor.

The defendants jointly answered the complaint. The answer averred in substance that the only professional services ever rendered by Neale to the defendants, or either of them, were in the matter of the collection of a promissory note for five thousand dollars, made by E. J. Weston and S. Boushey, and payable to the defendant Forbes and L. L. Robinson; that the note was secured by a mortgage upon real property, and on the day of its date was indorsed and delivered by the payees thereof to the firm of Forbes Brothers, then composed of the defendant Forbes and one Charles Forbes; that the indorsers waived demand and notice of non-payment of the note; that after the maturity of the note, and on or about the 6th of October, 1880, Forbes Brothers retained and employed the said Vincent Neale, as attorney at law, to collect the amount due for principal and interest on said note, and to foreclose the said mortgage, which provided for an attorney's fee, in the event of foreclosure, of ten per cent upon the amount that might be found to be due; that Neale was employed to collect the full amount due, first, through a sale of the mortgaged property, and second, by a personal judgment for any deficiency against the makers and indorsers of the note; that Neale was so

employed under a specific agreement that the compensation for his services should consist of $100, afterward increased to $135, and any sum that might be collected over and above the principal and interest of the note and the costs and expenses, other than counsel fees; that this agreement ever since has been, and now is, in full force and effect; that in pursuance of the said agreement Neale commenced two actions, in the name of the defendant Alexander Forbes, as plaintiff therein, to collect the note and foreclose the mortgage, which, for reasons stated, were dismissed, and that Forbes Brothers paid him $200 instead of $135, as agreed; that after these actions had been dismissed, Forbes Brothers, under the advice and direction of Neale, "sold, indorsed, assigned, and delivered the said promissory note to the defendant William McPherson, and thereafter the said Vincent Neale continued his services under the agreement aforesaid, but as the attorney for the defendant William McPherson, who ratified and confirmed the said agreement"; that McPherson, by Neale as his attorney, commenced an action to collect the note and foreclose the mortgage against Weston and Boushey, the makers and mortgagors, and against Forbes and Robinson, the payees and indorsers, and that such proceedings were subsequently had in the action that judgment was rendered therein as prayed for against all of the defendants, except Robinson; that judgment was rendered in favor of Robinson, and from that judgment and an order denying a new trial the plaintiff, by Neale as his attorney, duly appealed to the supreme court, where the appeal was still pending; and that the foregoing constituted all the professional services rendered by the plaintiff in this action and alleged in his complaint.

The answer then further averred that before the commencement of this action the claim and demand set forth in the complaint had been and was fully paid and satisfied; and that there was a misjoinder of parties defendant in

this, that each of the said defendants is improperly joined and united with his co-defendant.

After the answer was filed, Forbes died, leaving a will, which was duly admitted to probate. The executrix and executor of the will were then substituted as defendants in his place. The plaintiff presented to them his claim for allowance, but the same was rejected; and thereupon he filed a supplemental complaint, to which defendants filed a joint answer.

The case was tried before the court sitting without a jury. To support his side of the case, the plaintiff called as a witness Lewis Shearer, who testified that he was an attorney at law, and knew Vincent Neale, and the action entitled *William McPherson* v. *E. J. Weston et al.;* that Neale was attorney for the plaintiff in that action, and witness was attorney for defendant Robinson; that the court gave judgment in favor of the plaintiff against all the defendants except Robinson, and fixed the fee of Neale at fifteen hundred dollars; that Robinson had judgment for his costs, from which the plaintiff appealed; that Neale acted as McPherson's attorney in the appeal proceedings; he prepared a statement on motion for a new trial, argued the motion, and when it was denied, served notice of appeal, prepared transcript on appeal, prepared appellant's first brief, and argued the case before the supreme court. The witness estimated that Neale's services on the appeal were worth $750.

The plaintiff then called as a witness Vincent Neale, when the following occurred:—

Counsel for defendants: "I object to his testifying,—1. With respect to all of the defendants; 2. Specially as respects the defendants Mary Agnes Forbes and Charles Forbes, executrix and executor of the last will and testament of the deceased, Alexander Forbes."

The court: "The witness is incompetent to testify to any fact anterior to the death of Mr. Forbes."

Counsel for plaintiff: "I offer to prove by Vincent

Neale the true services in this case as against Mr. Mc-
Pherson, and the question that I asked him was to go
against Mr. McPherson, and he has never been paid for
them.   All that I ask to do is to put Mr. Neale on to
prove the question as against Mr. McPherson, and I
think he is competent."

The court: "I don't see very well how the court can
pass on the testimony.   If the case were on trial before
a jury, and the question should arise which has arisen
here, it seems to me it would be very difficult indeed
for the court to treat Mr. Neale as competent and incom-
petent at the same time.   As to Mr. McPherson, he is a
competent witness; as against the estate, he is incompe-
tent to prove the facts which you offer to prove by him.
Now, you have averred the services rendered for two
parties; it amounts to this, that his testimony, whatever
it is, is in his own favor, and tends to make out a case.
which the jury could take into consideration as well
against the estate as against McPherson; it would be
quite impossible for the court to remove the matter by
way of a charge to the jury.   This testimony of Mr.
Neale is against the estate of Alexander Forbes; if he
were the only witness, then it would be very easy for the
court to control the case by directing a verdict either of
nonsuit or in behalf of Mr. Neale; but suppose there
were other witnesses.   I will sustain the objection."

Counsel for plaintiff: "We except."

The defendant McPherson was then called by plain-
tiff as a witness, and on cross-examination, against the
objection and exception of plaintiff, was allowed to
testify that he never employed Mr. Neale in the action
of *McPherson* v. *Weston.*

At the conclusion of the plaintiff's testimony, counsel
for defendants moved for a nonsuit, — "1. On behalf of
all the defendants; 2. On behalf of the executor and
executrix of the estate of Alexander Forbes; 3. On be-
half of the defendant McPherson."   And as ground for

the motion it was specified that there was "no evidence of any employment, either expressed or implied, to render the specific services which are alleged in the complaint"; "that so far as the defendants, Mary Agnes Forbes and Charles Forbes, executrix and executor, are concerned, there is no testimony tending to establish any employment of Vincent Neale, and so far as the defendant William McPherson is concerned, the testimony shows specifically and positively that there was no such employment."

The court granted the motion, and the plaintiff reserved an exception to the ruling.

1. It is settled law in this state that when a party moves for a nonsuit, the grounds of the motion must be precisely stated, and no other grounds than those stated can be considered by the court in granting or refusing the motion, or by the appellate court in reviewing the order. (*Coffey* v. *Greenfield*, 62 Cal. 602; *Gardiner* v. *Schmaelzle*, 47 Cal. 588; *Raimond* v. *Eldridge*, 43 Cal. 506; Hayne on New Trial and Appeal, sec. 117.)

In this case the only ground stated for the motion was that there was no evidence tending to show that Neale was ever employed by the defendants to render the services for which compensation was asked. But it is clearly admitted in the answer that Neale acted as the attorney for the plaintiff Forbes in the two actions which were commenced and dismissed, and also that he acted as attorney for the plaintiff McPherson in the third action, which was tried, and, as against Robinson, was appealed to the supreme court. This being so, he was presumptively employed by the parties whom he represented, and was entitled to receive a reasonable compensation for his services. The answer, however, attempts to meet this by stating that there was a special contract as to the compensation which he was to receive, and that this contract remained in full force and was binding in the last as well as the first two cases, and that the agreed

compensation had been fully paid. But the services being admitted, a *prima facie* case was made against the defendants, and the burden was upon them to meet it.

The misjoinder of parties defendant, or of causes of action, was not specified as a ground of the motion, and if admitted, it could not be held to justify the ruling.

As the motion was made, we think the court erred in granting it, and that the judgment should therefore be reversed.

2. Counsel have very fully argued the question as to the right of the plaintiff to call and examine Vincent Neale, his assignor, as a witness, and as this question will again arise on a new trial, we think it should be considered.

It is clear that Neale was not a competent witness as against the representatives of the estate of Forbes (Code Civ. Proc., sec. 1880), and equally clear that he was competent as against McPherson. It is argued, however, for respondents that the action was joint, and no several judgment could be rendered against McPherson therein; that the testimony, if given, must operate against the estate as well as McPherson, and therefore that it was incompetent for any purpose.

It is true that the rule contended for existed at common law, but from the earliest time it has been changed by statute in this state. The code provides: " Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." (Code Civ. Proc., sec. 578.) And this was but an re-enactment of section 145 of the old Practice Act. Under this provision, it has been held that where two persons are sued jointly upon a joint contract, judgment may be rendered in favor of the plaintiff against one of the defendants, and in favor of one of the defendants against the plaintiff. (*Rowe* v.

*Chandler*, 1 Cal. 168; *Lewis* v. *Clarkin*, 18 Cal. 399; *People* v. *Frisbie*, 18 Cal. 402.)

In opposition to the rule declared in these cases, counsel for respondents cite *Stearns* v. *Aguirre*, 6 Cal. 176; *McCord* v. *Seale*, 56 Cal. 262; and *Weinreich* v. *Johnston*, 78 Cal. 254. But *Stearns* v. *Aguirre* was overruled in *Lewis* v. *Clarkin*, 18 Cal. 399. And the other two cases cited are not in point. In *McCord* v. *Seale* the names of the plaintiffs appeared in the title of the complaint as individuals, and in the body of the complaint it was averred that they were partners. On the trial a partnership contract was proved, and it was objected that the plaintiffs had not filed or published the certificate required by section 2466 of the Civil Code. It was held that proof of a partnership contract could not sustain allegations of an individual contract. So in *Weinreich* v. *Johnston* the action was brought by the plaintiffs as partners, upon a promissory note, which was proved and found to have been made to the plaintiff Weinreich alone. And it was held that upon the pleadings no judgment could be rendered on the note.

In our opinion, a several judgment might have been rendered against McPherson, and the testimony of Neale as against him was admissible.

We advise that the judgment be reversed and the cause remanded for a new trial.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded for a new trial.