[L. A. No. 64.   Department One.—December 18, 1895.]

BAILEY LOAN COMPANY, RESPONDENT, *v.* HENRY G. HALL ET AL., APPELLANTS.

PARTNERSHIP—ACTION UPON NOTE—JUDGMENT BY DEFAULT AGAINST PART OF DEFENDANTS.—In an action upon a partnership note against three persons charged to have constituted the partnership, whose name is signed to the note, judgment may be entered by default against two of the defendants, although the action does not prevail as to the third defendant.

ID.—SEVERAL JUDGMENT—JOINT CONTRACT—CHANGE OF COMMON LAW—CONSTRUCTION OF CODE.—Section 578 of the Code of Civil Procedure, which authorizes a judgment to be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, abrogates the rule at common law that, in an action upon a joint contract, the plaintiff must recover against all or none; and the rule established by that section includes as well cases in which some of the defendants have made default, as cases in which all of the defendants have appeared and answered, the only limitation being that in case of default the relief shall not exceed that which the plaintiff shall have demanded in his complaint.

ID.—SEVERAL LIABILITY OF PARTNERS.—The liability of partners upon a partnership note is several, as well as joint, and in a prayer for judgment upon such note against the defendants, the court is authorized to enter a several judgment against any of them.

APPEAL from a judgment of the Superior Court of the County of Los Angeles.   LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*J. S. Chapman*, for Appellants.

A judgment by default cannot give relief beyond that which is demanded in the complaint.  (*Raun* v. *Reynolds*, 15 Cal. 459; *Gage* v. *Rogers*, 20 Cal. 91; *Lamping* v. *Hyatt*, 27 Cal. 102; *Gautier* v. *English*, 29 Cal. 168; *Par-*

*rott* v. *Den,* 34 Cal. 79.)   The three defendants being sued jointly as copartners, the clerk had no authority to enter judgment by default against two of them.   (*Curry* v. *Roundtree,* 51 Cal. 184, 186; *McCord* v. *Seale,* 56 Cal. 262.)

*Finlayson & Finlayson,* for Respondent.

When it was determined by the court that Everett E. Hall was not a member of the firm of H. G. Hall & Sons, the court had express statutory authority to enter judgment against the two remaining defendants, who, by their default, had admitted the allegations of the complaint to be true.   (Code Civ. Proc., sec. 578; *Stoddart* v. *Van Dyke,* 12 Cal. 438; *Rutenberg* v. *Main,* 47 Cal. 214; *Gruhn* v. *Stanley,* 92 Cal. 86; *Willis* v. *Morrison,* 44 Tex. 27; *Congdon* v. *Monroe,* 51 Tex. 109; *Stevens* v. *Gainsville Nat. Bank,* 62 Tex. 499, 501; *Keithley* v. *Seydell,* 60 Tex. 78, 83; *Brugman* v. *McGuire,* 32 Ark. 733, 740; *Silvers* v. *Foster,* 9 Kan. 56; *Smith* v. *Straub,* 41 Kan. 7; *Wiggin* v. *Lewis,* 12 Cush. 486; *Bibb* v. *Allen,* 149 U. S. 481; 17 Am. & Eng. Ency. of Law, 1327; 1 Black on Judgments, sec. 208; Pomeroy's Remedies and Remedial Rights, secs. 289–92; *Austin* v. *Appling,* 88 Ga. 54; *Anderson* v. *Fort Worth etc. Assn.* (Tex. App., Nov. 6, 1889), 14 S. W. Rep. 1016.)   An action may be brought either against all the partners, or against each or one of them. (Pomeroy's Remedies and Remedial Rights, sec. 305; *Snow* v. *Howard,* 35 Barb. 55.)

HARRISON, J.—The complaint in this action sets forth certain promissory notes, purporting to have been made to the plaintiff by " H. G. Hall & Sons," and the plaintiff brought the action against three defendants, who are alleged by it to have constituted a partnership by that name, and to have executed the notes to it.   Two of the defendants, the appellants herein, suffered default, and the other defendant answered the complaint, denying that he was a member of the firm at the time the notes were executed.   The cause was tried by the court

without a jury, and a judgment rendered in favor of the plaintiff, and against the appellants, and in favor of the defendant who had answered the complaint. The defendants against whom judgment was rendered have appealed upon the ground that, as the action was brought upon a partnership obligation against three defendants, the court was not authorized to enter a judgment by default against two only. The record is presented here upon the judgment-roll alone.

Section 578 of the Code of Civil Procedure provides: ": Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." In *Lewis* v. *Clarkin*, 18 Cal. 399, it was held that by this section the rule at common law, that in an action upon a joint contract the plaintiff must recover against all or none, was abrogated, and that in such action the plaintiff was entitled to a judgment against those defendants merely who were shown to be liable upon the obligation. (See, also, *People* v. *Frisbie*, 18 Cal. 402; *Shain* v. *Forbes*, 82 Cal. 583; *Harrington* v. *Higham*, 15 Barb. 524; *McIntosh* v. *Ensign*, 28 N. Y. 169.) The terms of this section do not limit the rule to actions in which the defendants have appeared and answered, but include as well those in which some of the defendants have made default, the only limitation in such case being that found in section 580, that the relief shall not exceed that which the plaintiff shall have demanded in the complaint. In *Randall* v. *Hunter*, 69 Cal. 80, an action was brought against the defendants as partners upon a promissory note, signed "Gill and Hunter." Gill suffered default, and Hunter defended upon the ground that the note was an individual obligation of Gill. Upon the trial this defense was not sustained, and judgment was entered against both. Hunter appealed, and a motion by the plaintiff to dismiss the appeal for failure of Hunter to serve his codefendant was denied upon the ground that Gill would not be affected by a reversal of the judgment, and to the argument that another trial might result in a several

judgment against Gill, whereas he was then interested in preserving the joint judgment and preventing a several judgment, the court said: " His default admits that he is bound severally as well as jointly. If, on the trial which has taken place, the verdict had passed in Hunter's favor, a judgment by default might have been entered against Gill severally."

The appellants herein made default to the plaintiff's complaint, and thereby admitted the truth of its allegations, and consented to a judgment giving to the plaintiff all the relief he had prayed for. They admitted that they were members of the partnership of " H. G. Hall & Sons," and that the notes set out in the complaint had been executed to the plaintiff by that partnership. These facts, whether admitted by their default, or established by evidence at the trial, entitled the plaintiff to a judgment against them. It is immaterial to them that their codefendant was able to show at the trial that he was not a member of the partnership, and thus to defeat the plaintiff's right of recovery.

It was not necessary that the judgment should run against the appellants as copartners. The notes upon which the action is brought are several, as well as joint, and the prayer of the complaint is for a judgment " against said defendants" for the amount of said notes. The court was thus authorized to enter a several judgment against the appellants, and the judgment entered is in accordance with the prayer of the complaint.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.