## MORGAN v. RIGHETTI et al.

### S. F. No. 234; June 5, 1896.

#### 45 Pac. 260.

**Partners—Action Against Several—Recovery Against One.—** Under Code of Civil Procedure, section 578, declaring that judgment may be given against one of several defendants, two persons being sued on an alleged partnership debt, and it being found that they are not partners, but that the debt is the individual debt of one of them, judgment may be rendered against him.[1]

APPEAL from Superior Court, City and County of San Francisco; James M. Troutt, Judge.

Action by E. H. Morgan against E. Righetti and another, as partners. Judgment for plaintiff against said E. Righetti and said defendant appeals. Affirmed.

Frank M. Stone and Reel B. Terry for appellant; Joseph Kirk for respondent.

HAYNES, C.—This appeal is from a judgment in favor of the plaintiff against E. Righetti, one of the defendants, upon the judgment-roll. The only question upon this appeal is whether in an action against two as partners, upon an alleged partnership liability, a recovery may be had against one of the defendants; the court finding that the defendants were not partners, but that appellant is individually liable for the indebtedness alleged in the complaint, and for which judgment was entered against appellant, E. Righetti, alone.

At common law, in an action against two or more defendants upon an alleged joint contract or liability, the judgment was required to be against all the defendants, or in favor of all. But this rule was changed by section 145 of the practice act, which was afterward adopted in haec verba as section 578 of the Code of Civil Procedure. That section reads as follows: "Judgment may be given for or against one or

---

[1] Cited and followed in Hartney v. Gosling, 10 Wyo. 364, 98 Am. St. Rep. 1005, 68 Pac. 1124, where a member of a mining partnership had borrowed money, supposedly for the firm. The court said that "in actions on contract the statute changes the common-law rule."

more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves.'' The question here involved was decided under the practice act adversely to appellant in Rowe v. Chandler, 1 Cal. 167, Lewis v. Clarkin, 18 Cal. 399, and People v. Frisbie, 18 Cal. 402; and we must assume that said section of the practice act was re-enacted in the code with the construction given it in those cases; and in Shain v. Forbes, 82 Cal. 577, 583, 23 Pac. 198, those cases are cited and followed: See, also, Bailey Loan Co. v. Hall, 110 Cal. 490, 42 Pac. 962. These cases should be held conclusive of the question presented upon this appeal. We have carefully examined the cases cited by appellant, and find all of them broadly distinguishable from those we have cited above. In none of them, except Weinreich v. Johnston, 78 Cal. 254, 20 Pac. 556, is section 578 of the Code of Civil Procedure mentioned, and in that case it was said that section did not apply. The judgment appealed from should be affirmed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.