BERKSHIRE LUMBER CO., Respondent, v. J. S. CHICK INV. CO. et al., Appellants.

Kansas City Court of Appeals, February 17, 1913.

1. **MOTION TO ELECT: Answer: Waiver.** Objection to an adverse ruling on a motion to elect, is waived by filing an answer and going to trial.

2. **ACTION: Joint Obligation: Single Defendant.** Though the petition declares on a joint obligation against several defendants, and the evidence only shows an obligation of a single defendant, judgment may be had against him.

3. **MECHANIC'S LIENS: Statement: Account: Exhibit.** It will be sufficient if the mechanic's lien statement filed with the clerk refers to the account filed therewith and attached thereto. The account need not be copied in the body of the lien statement.

4. **ORDER OF TESTIMONY: Discretion.** The trial court has large discretion as to the order of the testimony and where the plaintiff has been permitted to introduce evidence in chief, after defendant had closed, no harm being shown to have resulted, it is not a cause for reversal.

5. **MECHANIC'S LIEN: General Contract: Evidence.** If there is one general contract to furnish material for buildings on contiguous lots, one mechanic's lien can be filed covering all the buildings.

6. ———: **Material: Owner: Dissatisfaction.** If proper material is furnished under the contract and put in the building, it is properly allowed in full as a lien, though the owner becomes dissatisfied and has a part of it torn out.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* for appellants.

*Ellis, Cook & Barnett* for respondent.

ELLISON, J.—Plaintiff's action is to enforce a mechanic's lien for lumber and material alleged to have been furnished to defendants Herrick and Kays. The other defendants are parties interested in deeds of trust against the property involved. There was a judgment enforcing the lien.

There was a motion by defendants to require plaintiff to elect. The motion was overruled. We cannot listen to defendants' complaint of that action; for they afterwards filed an answer and went to trial on the merits and thereby waived error, if any, on the motion. [White v. Railway Co., 202 Mo. 539; Hanson v. Neal, 215 Mo. 256, 270.]

It is claimed that as the suit was brought for a joint obligation of Herrick and Kays and the proof was of an individual debt against one of them, there was a failure to prove the joint cause of action alleged. But the case of Bagnell Timber Co. v. Railroad, 180 Mo. 421, supporting that view, was overruled on second appeal (242 Mo. 11), and again in Hutchinson v. Richmond Safety Gate Co., 152 S. W. 52.

Defendants next attack the sufficiency of the lien statement filed with the clerk of the circuit court as provided by section 8217, Revised Statutes 1909. That statute requires, among other things, that "a just and true account of the demand" shall be filed. The objection here is that the account is not set forth in the body of the lien statement. The account is not copied into the statement, but it is referred to and made a

part of the statement as an exhibit, in the following terms: "That true and itemized statements of the materials so sold, furnished and used in and upon said terms: "That true and itemized statements of the materials so as aforesaid returned or not used and credited thereon, are hereto attached, marked 'Exhibit A,' pages 1 and 2, and 'Exhibit B,' pages 1 and 2, hereby referred to and made parts of this lien statement." This we think was sufficient. The account, as thus attached to the statement and made a part thereof, was filed and was thereafter subject to as satisfactory examination by all concerned as if set out in the body of the statement. There is a class of cases, which defendants have cited, to the effect that an exhibit filed with a petition is not a part of it. But a lien statement herein considered is not a pleading. It is a notice, and if filed as was this one, serves its purpose.

After plaintiff's case was closed and the evidence for defendants had been heard, the court permitted plaintiff to introduce evidence which it is claimed should have been introduced in the first instance as evidence in chief. The order of testimony,—permission to a plaintiff to introduce evidence at the close which is not rebuttal, is a matter largely in the discretion of the trail court. We do not discover any abuse of such discretion in the present instance.

It is provided by section 8237, Revised Statutes 1909, that when the improvement upon which it is sought to fasten a lien, consists of two or more buildings, etc., "erected under one general contract," one lien proceeding will suffice, and that it will not be necessary to file separately against each building. This subject has been discussed by the Supreme Court in Walden v. Robertson, 120 Mo. 38, and by the Courts of Appeals in Kick v. Doerste, 45 Mo. App. 134; Deardorff v. Roy, 50 Mo. App. 70; Bolen Coal Co. v.

Ryan, 48 Mo. App. 512; Lumber Co. v. Brewing Co., 78 Mo. App. 230.

It is claimed by defendants that the evidence fails to show "one general contract;" but on the contrary shows two separate contracts. That was an issue in the case which was properly submitted to the jury. We have examined the record and find that there was evidence and circumstances tending to support plaintiff's claim of one general contract, and feel the conclusion of the jury should not be disturbed.

It seems that a small portion of the flooring was not satisfactory to defendants after it had been laid, and it was torn up. But the jury found it was of the kind and quality ordered. If put into the building and then torn out, the loss should not be put upon plaintiff.

We have not found anything to justify a reversal and the judgment is accordingly affirmed. All concur.