[No. 2263]

P. J. CONWAY, PETITIONER, *v.* THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF LYON, AND HON. T. C. HART, JUDGE OF SAID DISTRICT COURT, RESPONDENTS.

[164 Pac. 1009]

1. PARTNERSHIP—ACTIONS AGAINST PARTNERS—CHARACTER OF JUDGMENT—INDIVIDUAL JUDGMENT.

Under Rev. Laws, 5239, providing that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants, and section 5240, providing that, in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper, in an action against partners, the court did not exceed its jurisdiction by rendering judgment against one of them.

*Certiorari* by P. J. Conway to the District Court of the Eighth Judicial District of the State of Nevada, in and for Lyon County, and the Hon. T. C. Hart, Judge of said Court, to review a judgment against petitioner. **Proceedings dismissed.**

*Mack & Green,* for Petitioner:

"The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant any relief consistent with the case made by the complaint and embraced within the issue." (Rev. Laws, 5241.) This provision constitutes the limitation upon the jurisdiction of the court. (*Marshall* v. *Golden Fleece M. Co.,* 16 Nev. 173.) Jurisdiction is limited to the issues made by the pleadings. (*Munday* v. *Vail,* 34 N. J. L. 422; Brown on Jurisdiction, par. 2a.) A judgment must conform to the pleadings, and no issue not included therein may be decided without exceeding the jurisdiction of the court. (*Frevert* v. *Henry,* 14 Nev. 194; *Bachman* v. *Sepulveda,* 39 Cal. 688; 22 Ency. Pl. & Pr. 585; *York* v. *Fortenbury,* 25 Pac. 163; *Goddard* v. *Hart,* 10 Ill. 96.)

*E. E. Hull,* for Respondent:

If the court found that the defendant Conway had obligated himself jointly or severally for the payment of plaintiff's wages, it was bound to render judgment against said defendant accordingly, even though he was sued as a copartner. Under the practice which obtains in this state, it is wholly immaterial if the defendants be named as copartners, or otherwise, if they, or any of them, are found to be liable under the contract sued upon. (*Morgan* v. *Righetti,* 45 Pac. 260; *Harrison* v. *McCormack,* 69 Cal. 620; *Cuyamaca Granite Co.* v. *Pacific Paving Co.,* 95 Cal. 256, 30 Pac. 525.)

Our legislature has done all in its power to cut off from our practice the old and cumbersome rules of the common law relating to practice, to the end that complete justice may be done the parties to every action brought before the courts, and has even gone so far as to provide a means of binding parties to a contract sued upon who were not for any reason made parties to the action, by any judgment rendered in the action. Thus, we have the "joint debtor" or "joint obligor" act incorporated into our system of procedure in its fullest terms. "A plaintiff,

suing against several as partners for a breach of a contract, may recover against such as he can prove to be parties to the contract, without proof of the partnership." (Black on Judgments, 2d ed. vol. 1, sec. 208; Bates on Law of Partnership, vol. 2, sec. 1094; *Stoddart* v. *Van Dyke*, 12 Cal. 437; *First National Bank* v. *Simmons*, 98 Cal. 290.)

By the Court, McCARRAN, C. J.:

Suit was commenced in the justice court against P. J. Conway, E. J. Ross, and R. C. Mudge, as copartners. Ross and Mudge failed to appear or answer; Conway alone defended. Judgment was rendered for the plaintiff in the justice court. On appeal to the district court, a trial *de novo* was had. The latter court found that no partnership existed between the parties; but, notwithstanding the fact that Conway was sued upon ·a debt alleged to have been contracted by the partnership, judgment was rendered against him individually. The proceedings come to this court by *certiorari*.

Petitioner contends that the court below exceeded its jurisdiction in rendering an individual judgment against Conway; and in this· respect they contend that the suit having been brought against the partnership, judgment could run only against the partnership and not against individuals.

At common law in an action against two or more defendants upon an alleged joint contract of liability, the judgment was required to be against all the defendants or in favor of all. The common-law rule applicable to the question here was asserted by Lord Ellenborough in the early case of *Weall* v. *The King*, 12 East, 452, to be based on the principle that the proof of the contract must correspond with the description of it in all material respects. Hence, where partnership was alleged, partnership must be established by the proof, and a several judgment could not issue where at the time of the alleged making of the contract the parties sued were partners. It is generally conceded that this rule must prevail in all jurisdictions where the common law has been accepted or adopted and

where no statutory provision has been enacted abrogating the same.

In a number of the states of the Union, statutory provisions have been enacted, and these "joint debtor acts," so-termed, have been held to effect an abrogation of the common-law doctrine. Hence, we inquire, has the common-law rule been interfered with by our statute?

Section 5239, Revised Laws (section 297 of the Civil Practice Act) provides:

"Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves."

The following section provides:

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper."

Mr. Black, in his Treatise on the Law of Judgments, vol. 1, sec. 208, in discussing the effect of the "joint debtor acts," lays down the general principle to the effect that, where such acts exist, a plaintiff suing several as partners for a breach of a contract may recover against such as he can prove to be parties to the contract without proof of partnership.

A provision in the code of California identical to the one found in our civil practice act was construed by the supreme court of that state in the case of *Morgan* v. *Righetti*, 45 Pac. 260, and the application made in earlier cases was referred to and reaffirmed. (*Rowe* v. *Chandler*, 1 Cal. 167; *People* v. *Frisbie*, 18 Cal. 402; *Loan Co.* v. *Hall*, 110 Cal. 490, 42 Pac. 962.)

In the late case of *Dobbs* v. *Purington*, 136 Cal. 70, 68 Pac. 323, the supreme court again referred to the rule laid down in *Rowe* v. *Chandler, supra,* and reaffirmed its position taken in *Lewis* v. *Clarkin*, 18 Cal. 399; *Shain* v. *Forbes*, 82 Cal. 583, 23 Pac. 198; *Bailey* v. *Hall*, 110 Cal. 490, 42 Pac. 962; *Morgan* v. *Righetti, supra.*

In all these cases the court recognized the common-law rule, but held, however, that in view of the statutory provision the common-law rule was no longer applicable, and that judgment might be given against one of several defendants sued on a partnership debt; this, too, where, as here, it was found that no partnership existed.

Counsel for petitioner complain of the doctrine asserted in these decisions, and claim that it is not supported by authority generally.

In Missouri the statute provides:

"In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable." (Section 2772, Rev. St. Mo. 1909.)

Section 1981 of the same act provides:

"In all actions founded on contract and instituted against several defendants, the plaintiff shall not be nonsuited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto."

These provisions were construed by the Supreme Court of Missouri in the case of *Crews* v. *Lackland*, 67 Mo. 619, and it was there held that, by reason of the code of Missouri, the plaintiff suing several as partners for breach of contract might recover against such as he could prove to be parties to the contract without proof of the partnership.

In the case of *Bagnell Timber Co.* v. *Missouri, K. & T. Ry. Co.*, 180 Mo. 420, 79 S. W. 1130, the Supreme Court of Missouri reversed a judgment because the evidence failed to show that one of the parties defendant entered into the contract jointly with the other. The court in that instance failed to give recognition to the force of the statute making all contracts joint and several. After retrial in the lower court, the court of last resort again considered the question, and in the latter instance reversed its former decision, and held that under statutory provisions, such as found here, contracts which at common law were joint only are now joint and several, and any one or more of the obligees thereto may be

sued and a recovery had against those only whom the evidence shows to be liable thereon. Speaking of its former decision, the court says:

"It is inconceivable * * * what induced the court to hold on the former appeal that because the petition declared upon a joint contract a recovery could not be had against those defendants who the evidence showed were liable thereon." (*Bagnell Timber Co.* v. *Missouri, K. & T. Ry. Co.*, 242 Mo. 11, 145 S. W. 469.)

To the same effect were the cases of *Hutchinson* v. *Richmond Safety Gate Co.*, 247 Mo. 71, 152 S. W. 52, and *Berkshire Lumber Co.* v. *Chick Inv. Co.*, 168 Mo. App. 342, 153 S. W. 1078.

Section 429 of the civil practice act of the State of Nebraska (Cobbey's Ann. St. 1911, sec. 1414) provides that:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper."

In the case of *Long & Smith* v. *Clapp*, 15 Neb. 417, 19 N. W. 467, the supreme court of that state, in an action against two defendants charging them with the making and breach of a joint warranty, held that, the evidence being ample as to one, but insufficient as to the other, defendant, the judgment might be against one and for the other.

Similar provisions in the code of Colorado led the supreme court of that state to hold that the equitable doctrine that partnership debts are joint and several does not obtain in a purely legal action, and that a several judgment might be rendered where the suit was commenced against a partnership. (*Exchange Bank* v. *Ford et al.*, 7 Colo. 315, 3 Pac. 449.)

A provision in the code of Tennessee of similar import was applied by the supreme court of that state in the early case of *Lowry* v. *Hardwick*, 4 Humph. (Tenn.) 188, and there the court held that under the provisions of the statute a creditor might sue any one, or more of several joint obligors or partners, and such suit was not a bar to a suit subsequently brought against the remaining partners or obligors.

The case of *Francis* v. *Dickel & Co.*, 68 Ga. 225, involved the question of the application of a provision in the code of that state where suit was brought against a partnership and judgment rendered against an individual. The court held that by reason of the provisions of the statute, if it appears on the trial of such a case that some of the defendants are not liable and ought not to be joined in the action, the suit will not abate or be quashed on that account, but may proceed against the other defendants. To the same effect was the earlier case of *Wooten & Co.* v. *Nall*, 18 Ga. 609.

The code of Oregon provides:

"Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is proper, leaving the action to proceed against the others." (Sections 180 and 181, L. O. L.)

The Supreme Court of Oregon, in the late case of *Bertin & Lepori* v. *Mattison*, 80 Or. 354, 157 Pac. 153, after reviewing many decisions rendered by that court upon an application of the statute, held that the common law had been abrogated by legislation; and under such statutes the plaintiff may recover from those defendants against whom he is able to establish his case, although he is compelled to lose his hold upon the others from whom he seeks to recover.

In the case of *Knatz* v. *Wise,* 16 Mont. 555, 41 Pac. 710, the court had presented to it conditions analogous to the matter at bar. There, as here, the action was in part for services rendered. Parties named as defendants were alleged to be copartners. Judgment was rendered against one of the parties named in the copartnership. The action was dismissed as to the other defendants. The court held that, if recovery could be had against any of the defendants upon the facts proved, had they been sued alone, then the recovery was proper, although plaintiff may have joined others in the action against whom no liability was shown. This decision rested entirely on the provision in the practice act of Montana.

In all of the jurisdictions where this question has been considered, the authorities have recognized that individual judgments in such cases gain sanction only by reason of statutory enactments which set aside the common-law rule. From an almost uniform line of decisions applying such statutes the rule has become crystallized to the effect that, if a plaintiff sues two or more defendants on a joint obligation, he is no longer compelled to establish a joint cause of action against all, but a judgment may be taken against the party or parties shown to be liable when the others are not liable. (23 Cyc. 807.)

The facts presented to the district court upon which it based its judgment and conclusion are not before us. The matter being here by the process of *certiorari,* the sole question is as to whether the lower court exceeded its jurisdiction in rendering an individual judgment against one of the parties named in the copartnership. By reason of our peculiar statute, we conclude that the judgment of the district court must remain undisturbed. The proceedings are dismissed.

It is so ordered.

*Per Curiam:*

Petition for rehearing denied.