[No. 3,028.]

## R. E. RAIMOND *v.* EDWARD ELDRIDGE.

STATUTE OF LIMITATIONS.—To enable a defendant to avail himself of the Statute of Limitations, as a defense, it must appear that he was in the adverse possession of the demanded premises for the period required by the statute to bar the plaintiff's right of action.

ACT OF 1863-4 CONCERNING VAN NESS ORDINANCE.—The Act of March 4th, 1864 (Stats. 1863-4, p. 149), only prohibits a plaintiff in ejectment from relying on the Van Ness Ordinance if he commences his action more than one year after its passage, and has not been in possession within the next preceding five years. It does not prohibit him from recovering on prior possession or paper title.

NONSUIT ON OPENING STATEMENT.—A defendant moving for a nonsuit on the plaintiff's opening statement, upon a specified ground, on which ground alone the motion is granted, will not be allowed to raise the point for the first time in the Supreme Court that the statement was otherwise insufficient.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff appealed.

The other facts are stated in the opinion.

*George F. & W. H. Sharp,* for Appellant.

The Court erred in nonsuiting the plaintiff, because it did not appear that the defendants were in a position to avail themselves of the benefit of the Act of 1864; before they could invoke the Act in question they must show that they were in possession at the time of its passage.

There was no evidence or proof of an adverse possession, or of any possession hostile to the plaintiff, other than the admission that defendant was in possession of the land in question at the time of the commencement of this action. Adverse possession is not presumed. (*Sharp* v. *Daugney*, 33 Cal. 505.)

The plaintiff was only called upon to state a prima facie case, and this he did when he offered to prove a right of

possession in plaintiff, and a holding adverse to that right by defendant at the time of the commencement of this action. (*Payne* v. *Treadwell*, 16 Cal. 220.)

*B. S. Brooks*, for Respondent.

There is nothing in the Act of March 5th, 1864, which limits its operation in favor of those who were in possession of land at the time of its passage. It applies to all actions commenced more than one year after its passage, for lands lying within the limits defined in the Van Ness Ordinance, as this was admitted to be.

We were not called upon to offer proof of adverse possession. When he admitted that he had not been in possession for more than five years before the commencement of this suit, he admitted adverse possession, to say the least. If the plaintiff had title or prior possession, which is the same thing in this view, he was in possession, unless some one was in adverse possession. Admitting himself out of possession for five years, was admitting title or adverse possession in another. It was admission of want of title or want of seizin.

By the Court, CROCKETT, J.:

On motion of the defendant a nonsuit was granted in this case upon the plaintiff's opening statement of the facts which he expected to prove. These facts were: First—That the land in controversy was within the limits of the Van Ness Ordinance. Second—It was admitted that the plaintiff had not been in possession of the demanded premises within five years next before the commencement of the action, and that the action was not commenced within one year next after the passage of the Act of March 5th, 1864. Third—That five years had not elapsed between the time when the title of the city to this land was finally confirmed and the com-

mencement of the action.    Fourth—That the defendant was in possession when the suit was brought.

The motion for nonsuit was made and granted solely on the ground that the plaintiff had not commenced his action within one year from and after the passage of the Act of March 4th, 1864, and had not been in the actual possession of the premises within five years before the commencement of the suit, and because his action was barred by the Act entitled "An Act to limit the time for the commencement of civil actions in certain cases," passed March 4th, 1864.

In his opening the plaintiff failed to state any title or right of possession in himself, and if the motion for nonsuit had been made on this ground, it ought to have been granted. But the defendant did not see fit to rely on this as a ground of nonsuit.    If he had, the Court might have permitted the plaintiff to amend his statement and cure the defect.    Having omitted to rely upon this ground of nonsuit in the Court below, he will not be allowed to raise the question for the first time here.    We can only review the action of the Court on the defendant's motion as he made it; and I think the Court erred in granting the motion on the grounds stated. To enable the defendant to avail himself of the Statute of Limitations as a defense, it must have appeared that he was in the adverse possession for the period required by the statute, to bar the plaintiff's right of action.    This fact was not shown or admitted to be true, but only that the defendant was in possession when the suit was brought.    Nor was it any ground of nonsuit, that the action was commenced more than one year after the passage of the Act of March 4th, 1864.    (Stats. 1863–4, p. 149.)    The Act only provides that if the action shall be commenced more than one year after its passage, and the plaintiff shall not have been in possession within the next preceding five years, he shall not be entitled to rely upon the Van Ness Ordinance as a muniment of title.    But it may be that the plaintiff had a perfect

title or right of possession independent of the Van Ness Ordinance. Nothing appeared to the contrary in the plaintiff's opening statement.

Judgment and order reversed, and cause remanded for a new trial.