## Howard S. Boudinot, Trustee, v. John F. Hamann, Appellant.

Jurisdiction of State Courts:  RECOVERY OF PREFERENCE BY BANK-RUPT.  Under Bankruptcy Act 1898, section 23b, providing that suits by the trustee in bankruptcy shall only be brought in the court where the bankrupt might have sued if proceedings in bankruptcy had not been instituted, state courts may take jurisdiction of proceedings by a trustee to recover preferences from a bankrupt's creditors.

KNOWLEDGE OF CREDITOR:  *Review on appeal.*  Whether a creditor of a bankrupt had cause to believe him insolvent, and that he was being illegally preferred, within section 60b of the Bankruptcy Act providing that "if a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of a petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give preference, it shall be voidable by the trustee, and he may recover the property or its value from such person," is a question of fact for the trial court; and its finding cannot be disturbed on appeal, where based on conflicting evidence

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

THURSDAY, MAY 15, 1902.

ACTION in equity by a trustee in bankruptcy, under the federal statute, to set aside certain conveyances made by a bankrupt to defendant. There was a decree for plaintiff, and defendant appeals.—*Affirmed.*

*W. M. Chamberlain* and *W. J. Birchard* for appellant.

*Ira R. Tabor* and *Waldo Becker* for appellee.

WATERMAN, J.—There is no special dispute as to the facts. The principal contention of the parties arises over inferences drawn from the facts. The firm of H. Carstens & Son were the owners of a stock of merchandise in the city of Davenport. On November 2, 1896, they made a mortgage thereon to Beals, Torrey & Co., creditors, who later assigned said security to S. W. Pierce. In the months of March and June of the year 1899, H. Carstens & Son borrowed of a bank the aggregate sum of $1,450, giving their notes as security therefor. The defendant, John F. Hamann, signed these notes, apparently as joint maker, but in fact as surety. October 6, 1899, Carstens & Son executed a chattel mortgage on the stock of defendant to secure him for these indorsements and on the same day followed this with a bill of sale also made and delivered to defendant, covering their entire stock. Defendant at once sold said stock to his son, and, a short time after, paid the notes to the bank. On October 7, 1899, defendant, Hamann, came into possession of the Pierce mortgage,—as he claims, by assignment, but, as the trial court finds, by payment thereof. November 2, 1899, the creditors of Carstens & Son instituted proceedings in

the district court of the United States in and for the Southern district of Iowa, for the purpose of having them declared bankrupts under the national bankrupt act of 1898. After said firm had been declared bankrupts in that action, plaintiff was elected and confirmed as trustee for the creditors, and, upon properly qualifying, began the present action.

Whatever may have been the rule formerly, we think the state courts have jurisdiction of proceedings like this to collect the assets of a bankrupt under the act of 1898. Section 23b thereof expressly confers it. Were it not for the national bankrupt act, defendant, who was a contingent creditor of Carstens & Son, would have been amply protected in all measures he might have taken *bona fide* to secure himself. A creditor acting in good faith could take security from his debtor, even though he knew there were other creditors, and that the effect of his action would be to defeat them. *Carson v. Byers*, 67 Iowa, 606, *Crawford v. Nolan*, 70 Iowa, 97. He would be protected in so doing, even though he knew the debtor was prompted by a fraudulent intent. *Chase v Walters*, 28 Iowa, 460; *Altman v. Heiney*, 59 Iowa, 654, *Stroff v. Swafford*, 81 Iowa, 695. But these rules are altered by the bankrupt act, one object of which is to prevent preferences being given. Section 60b. The section just mentioned is as follows: "If a bankrupt shall have given a preference within four months before the filing of the petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." Various decisions have been made construing this provison. *In Re Eggart*, 43 C. C. A. 1 (102 Fed. Rep. 735), it is said that, in determining whether the taking **of**

security by a creditor constitutes an illegal preference, the creditor is not to be charged with knowledge of his debtors financial condition from mere non-payment of his debt, or from circumstances which give rise to suspicion in his mind of possible insolvency. On the other hand, it is not essential that the creditor should have actual knowledge of, or belief in his debtor's insolvency. It is enough if he has reasonable cause to believe him insolvent. See, to the same effect, *Stucky v. Bank*, 108 U. S. 74 (2 Sup. Ct. Rep. 219, 27 L. Ed. 640); *Barbour v. Priest*, 103 U. S. 293 (26 L. Ed. 478); *Grant v. Bank*, 97 U. S. 80 (24 L. Ed. 971).

In the *Barbour Case*, it is said: "The obvious meaning of the provision is to require the concurrence of the creditor who gets security for his debt in the purpose of defeating the bankrupt act."

Whether a creditor has cause to believe his debtor insolvent is a question of fact. In the case at bar the trial court found that defendant had cause so to believe. The evidence is in some conflict on the point, but there are many facts and circumstances which support the conclusion reached by the district court. We are not prepared to say the finding should be set aside. With that finding undisturbed, it is manifest the decree below must be AFFIRMED.