MACKEL, APPELLANT, *v.* BARTLETT, RESPONDENT.

(No. 2,155.)

(Submitted October 4, 1905.  Decided October 21, 1905.)

*Attorney and Client—Privileged Communications—Practice—*
*Appeal—Record—Evidence—Nonsuit—Review.*

Appeal—Nonsuit—Ground of Motion too General.
1. A motion for nonsuit upon the ground "that the plaintiff has failed to make out a case" was too general to merit consideration at the hands of the district court.

Attorney and Client—Privileged Communications.
2. Information obtained by an attorney from the defendant, in an action brought by a trustee in bankruptcy to recover the amount of an alleged preference, who, while introducing to the attorney the person who made the preference and who was then in search of legal advice, made certain statements in relation to the business affairs of the person so introduced, is not privileged, since the relation of attorney and client did not exist between the defendant and the legal adviser at the time the statements were made; and the supreme court upon review is not bound to accept the assertion of the attorney that *"they* called upon me for the purpose of obtaining my services as an attorney at law" as conclusive.

Practice—Appeal—Record—Evidence.
3. When the question raised by appellant has to do with the admissibility of a particular item of evidence which, if not rejected, would have tended to prove the issue, the record need not contain all of the evidence.

Appeal—Errors Reviewed.
4. The supreme court on appeal will review only the errors presented by the appellant, not those suggested by respondent.

Appeal—Nonsuit—Review—Scope.
5. On appeal from an order of nonsuit, the sufficiency of the complaint will not be considered, where it was not made a ground of the motion as submitted to the trial court.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Alexander Mackel, as trustee in bankruptcy of the estate of Frederick A. Bartlett, against Henry R. Bartlett. From a judgment of nonsuit, plaintiff appeals.  Reversed.

*Mr. John J. McHatton,* for Respondent.

The bill of exceptions does not purport to contain all of the evidence in the case, and the court cannot review the evi-

dence or the order granting the nonsuit, for that reason. (*Ramsey* v. *Burns,* 27 Mont. 154, 69 Pac. 711; *Currie* v. *Montana Cent. Ry. Co.,* 24 Mont. 123, 60 Pac. 989; *State* v. *Shepphard,* 23 Mont. 323, 58 Pac. 868.) The only questions which can be reviewed upon this appeal are questions of errors of law committed by the trial court and which, by the statute, are made grounds for a new trial. (*Withers* v. *Kemper,* 25 Mont. 432, 65 Pac. 422.) The appellate court will not review the granting of a motion for a nonsuit where the evidence is not all before the court. (*Lockey* v. *Horsky,* 4 Mont. 457, 463, 2 Pac. 19; *Rooney* v. *Tong,* 4 Mont. 597, 600, 2 Pac. 312.) Where the evidence, by reason of the insufficiency of the record or otherwise, is not before the court for consideration, it will be presumed that the same supports the judgment or decision. (*Wilson* v. *Davis,* 1 Mont. 183, 189; *Gropper* v. *King,* 4 Mont. 367, 369, 1 Pac. 755; *Beck* v. *Beck,* 6 Mont. 318, 12 Pac. 694; *Bass* v. *Buker,* 6 Mont. 442, 443, 12 Pac. 922; *Barger* v. *Halford,* 10 Mont. 57, 60, 24 Pac. 669; *Beatty* v. *Murray Placer Min. Co.,* 15 Mont. 314, 316, 39 Pac. 82; *Burns* v. *Paulsen,* 16 Mont. 333, 334, 40 Pac. 789.) Every reasonable intendment is in favor of the action of the trial court, and the burden of establishing error is upon him who assails the ruling. (*State* v. *Calder,* 23 Mont. 504, 59 Pac. 903.)

The court did not err in excluding the testimony of the witness Barlow. There is no question but that Barlow was consulted by both Henry R. and Frederick A. Bartlett, in his capacity as an attorney. "I had but one conversation with Frederick A. Bartlett and Henry R. Bartlett, and they called upon me for the purpose of obtaining my services as an attorney at law, and all the information gained from them was in the capacity of an attorney."

This is the absolute and unqualified statement of the witness, and is a statement of fact. It cannot be argued away. The situation is fully covered by Code of Civil Procedure, section 3163, subdivision 2. (See, also, *Davis* v. *Morgan,* 19 Mont. 141, 47 Pac. 793; *Smith* v. *Caldwell,* 22 Mont. 331, 56 Pac.

590; *State* v. *Snowden,* 23 Utah, 318, 65 Pac. 479; *Bruley* v. *Carvin,* 105 Wis. 625, 81 N. W. 1038, 48 L. R. A. 839; *Denver Tramway Co.* v. *Owens,* 20 Colo. 107, 36 Pac. 848; *Basye* v. *State,* 45 Neb. 261, 63 N. W. 811; *Hartness* v. *Brown,* 21 Wash. 655, 59 Pac. 491; *In re Aspinwall,* 7 Ben. 433, Fed. Cas. No. 591.)    The case of *Bacon* v. *Frisbie,* 80 N. Y. 394, 36 Am. Rep. 627 is directly in point.    (See, also, *Loveridge* v. *Hill,* 96 N. Y. 222, 226.)

*Mr. John A. Shelton,* for Appellant.

Section 3163, subdivision 2 of the Code of Civil Procedure should receive a strict construction inasmuch as it tends to prevent a full disclosure of the truth.    (*Appeal of Turner,* 72 Conn. 305, 44 Atl. 310; *Smith* v. *Caldwell,* 22 Mont. 231, 56 Pac. 590; *Carroll* v. *Sprague,* 59 Cal. 655.)    That the ruling of the district court was erroneous is supported by three distinct propositions: 1. The relation of attorney and client was not shown to exist between the witness and the defendant. (*Smith* v. *Caldwell, supra; Williams* v. *McKissack,* 117 Ala. 441, 22 South. 489.)    2. The communications testified by witness Barlow to have been made by defendant were not made in the course of professional employment.    3. The communications testified to by the witness Barlow were not confidential communications.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action brought by a trustee in bankruptcy to recover the amount of an alleged preference.

The complaint alleges that prior to February 6, 1899, Frederick A. Bartlett was indebted to the First National Bank of Butte in the sum of $1,530, which indebtedness was evidenced by a promissory note theretofore executed by the said Frederick A. Bartlett, with Henry R. Bartlett, this defendant, as surety, and delivered to the bank; that on February 6, 1899, this note was past due; that Frederick A. Bartlett was then, and for a long time prior thereto had been, insol-

vent and then contemplated filing a petition in bankruptcy; that Henry R. Bartlett was then solvent and able to respond in the full amount of said indebtedness to the bank; that on the said 6th day of February, Frederick A. Bartlett, at the suggestion and instigation of Henry R. Bartlett, paid said indebtedness to the bank, and that such payment was made by Henry R. Bartlett, acting as the agent of Frederick A. Bartlett. It is then alleged that at the time of making such payment Henry R. Bartlett had reason to believe and did believe that Frederick A. Bartlett was, and for a long time prior thereto had been, insolvent; that such payment was made with the intention on the part of Frederick A. Bartlett to prefer Henry R. Bartlett over his other creditors, and that the effect of such payment was to discharge Henry R. Bartlett of his liability to the bank; that on February 8, 1899, Frederick A. Bartlett filed his petition in bankruptcy in the United States district court and was by that court adjudged a bankrupt, and this plaintiff selected as trustee and duly qualified and entered upon the discharge of his duties as such. The complaint alleges a demand upon the defendant to pay over to the trustee the sum so paid to the bank and the defendant's refusal to comply with that demand.

To this complaint the defendant interposed a general and special demurrer, which was overruled, and defendant then answered, admitting the corporate existence of the First National Bank, the indebtedness of Frederick A. Bartlett to the bank, and the fact that defendant was a surety on the note evidencing such indebtedness; that on the 6th day of February, 1899, such note was past due; that defendant was then solvent and had property out of which the bank could have forced the collection of said indebtedness; that Frederick A. Bartlett paid said bank through the defendant as his agent; and that this defendant suggested to Frederick A. Bartlett to make such payment. Defendant also admits that demand was made upon him to refund to the trustee the money so paid over to the bank, and that he refused to comply with the demand. The

answer denies all the other material allegations of the complaint.

Upon the trial the plaintiff offered evidence tending to sustain the allegations of his complaint with reference to the adjudication of Frederick A. Bartlett as a bankrupt, plaintiff's appointment as trustee, the insolvency of Frederick A. Bartlett, and some evidence tending to show knowledge on the part of Henry R. Bartlett of Frederick A. Bartlett's insolvency at the time of the payment of the note to the bank, and upon this issue also offered in evidence the testimony of one Vernon J. Barlow, given by way of a deposition, which deposition, omitting the questions, is as follows: "My name is Vernon J. Barlow. I am a lawyer by profession, and I reside at Butte, Montana, and have, since November, 1897. I have known Henry R. Bartlett since December, 1897. I am acquainted with Frederick A. Bartlett, and have known him since the summer of 1898. He was introduced to me by Henry R. Bartlett in my office some time during the summer of 1898. I think they are brothers. Henry R. Bartlett and Fred. A. Bartlett came to my office together. Henry R. Bartlett stated that Fred. A. Bartlett had informed him that his business was declining, and that he was not making enough money to pay his clerk or his rent, and that he had decided to make an assignment, and that he wanted to see an attorney, and that he (Henry) had recommended me, and came with him to introduce him. I do not remember that Henry R. Bartlett was to be the preferred creditor. It is my recollection that he was an indorser for Fred. A. Bartlett at the First National Bank for about fifteen hundred dollars ($1,500.00). I know of nothing more that is material to the issue in the above-named cause." Cross-examination: "I had but one conversation with Frederick A. Bartlett and Henry R. Bartlett, and they called upon me for the purpose of obtaining my services as an attorney at law, and all the information gained from them was in the capacity of an attorney." This offer was objected to on the ground that the witness Barlow was an attorney and as such was consulted by Frederick A. and Henry R.

Bartlett, and that the information gained was privileged. This objection was sustained, and the evidence excluded.

At the close of plaintiff's case the defendant moved for a nonsuit, upon the grounds that the plaintiff had failed to prove the insolvency of Frederick A. Bartlett at the time of the payment to the bank; that plaintiff had failed to show that defendant, Henry R. Bartlett, had any knowledge, or any reason to believe, that Frederick A. Bartlett was insolvent, or that by the payment of said indebtedness Frederick A. Bartlett intended to prefer Henry R. Bartlett over his other creditors, or that such payment was made in contemplation of bankruptcy, and "that the plaintiff had failed to make out a case." This motion was sustained and a judgment in favor of defendant for costs rendered. From an order overruling his motion for a new trial the plaintiff appeals. The errors assigned are: 1. The exclusion of the testimony of Vernon J. Barlow; 2. The granting of the motion for nonsuit; and, 3. The denial of plaintiff's motion for a new trial.

The last ground of the motion for nonsuit, namely, "that the plaintiff has failed to make out a case," was too general to be considered by the court below (*Wright* v. *Fire Ins. Co.,* 12 Mont. 474, 31 Pac. 87, 19 L. R. A. 211; *Jacobs Sultan Co.* v. *Union Mercantile Co.,* 17 Mont. 61, 42 Pac. 109; 1 Spelling on New Trial and Appellate Practice, 346, and cases cited), and we must presume that the court made the order with reference to other grounds mentioned.

There was some evidence introduced tending to show the insolvency of Frederick A. Bartlett at the time of the payment of the note, and, if the testimony of the witness Barlow had been admitted, it would have tended further to show such insolvency and knowledge of such fact by the defendant, Henry R. Bartlett; and, if the court committed error in excluding that evidence, the order denying the plaintiff a new trial must be reversed, for with that evidence admitted there was sufficient to go to the jury.

It is apparent that the court proceeded upon the theory that the deposition of Barlow showed upon its face that the in-

formation which he received from Henry R. Bartlett, respecting Frederick A. Bartlett's financial condition a few months prior to the date of the payment to the bank, was received by him while acting as attorney for Henry R. Bartlett, and therefore the communication of such information was privileged, under subdivision 2 of section 3163 of the Code of Civil Procedure. In this we think the trial court was in error.

Section 3163, subdivision 2, reads as follows: "Sec. 3163. There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases: * * * (2) An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment. * * * "

It is to be observed, first, that the relation of attorney and client must have existed between Henry R. Bartlett and the witness Barlow; and, second, the communication by Henry R. Bartlett to Barlow must have been made in the course of such professional employment of the witness Barlow as such attorney. The deposition wholly fails to show that the relation of attorney and client existed between Barlow and Henry R. Bartlett. On the contrary, it shows that Henry R. Bartlett recommended Barlow to Frederick A. Bartlett, who was seeking the aid of an attorney, and only came to Barlow for the purpose of introducing Frederick A. Bartlett. It is true that on cross-examination the witness says, in answer to a question formed to apply to both Henry R. Bartlett and Frederick A. Bartlett, that *they* called upon him for the purpose of obtaining his services; but that is not inconsistent with what he had said already. They did come to him for that purpose, but the services were to be rendered to Frederick A. Bartlett and not to Henry R. Bartlett; and, while the information may have been obtained by Barlow as an attorney, it was as the attorney for Frederick A. Bartlett, and such information as he

received from Henry R. Bartlett was in no sense privileged. But this is attaching to the cross-examination of the witness more importance than it merits; for the answer of the witness is in the nature of his own conclusion, while on his direct examination he assumed to state facts from which the court could determine whether or not the relation of attorney and client actually existed between him and Henry R. Bartlett, and upon this review this court is not bound to accept Barlow's conclusion that he was acting as such attorney for both Frederick A. and Henry R. Bartlett, even if his language could be construed as amounting to such conclusion.

In *Smith* v. *Caldwell*, 22 Mont. 331, 56 Pac. 590, this court had occasion to consider a very similar state of facts. Kelly and Almich went to Stephenson, who was an attorney, to have a chattel mortgage drawn, furnishing to the attorney memoranda of the property to be included, the amount to be secured, etc. In the course of their conversation with, and in the presence of, the attorney, the parties to the mortgage were alleged to have made certain statements. Upon the trial Stephenson was examined as a witness, the purpose being to elicit from him those statements. The question was raised that Stephenson was acting in the capacity of an attorney and that the communication was privileged. Upon the direct examination of Stephenson the facts were brought out as in this case, but upon his cross-examination Stephenson said: "I will state to the court that whatever knowledge I acquired, I certainly acquired acting in the capacity of an attorney for the parties to the mortgage." On appeal, this court refused to be bound by Stephenson's conclusion, but, disregarding his notion as to the relation existing between him and the parties to the mortgage, this court said: "From the examination of the witness Stephenson, as shown by the record, it appears that he acted in the transaction about which he was asked, not as counsel to whom Almich and Kelly went to obtain advice, but as a scrivener only. What he learned seems to have been a mere incident to the ministerial office of writing the instrument, and the notarial work of authentication for record. In-

formation obtained in this way is not privileged, even though the scrivener be an attorney at law.''

The cross-examination of Barlow in this case at most only shows his conclusion of the matter, as did Stephenson's in the case referred to, while in this case, as in that, the facts disclosed by his testimony in chief show that the relation of attorney and client between him and Henry R. Bartlett did not exist, and that the statements were not even made in contemplation of the employment of Barlow by Henry R. Bartlett.

In the *Caldwell Case* above, this court quoted with approval from the California court as follows: ''Knowledge acquired during the time the relation exists is not privileged, unless it is acquired in the course and for the purpose of his (the attorney's) employment. (*Satterlee* v. *Bliss,* 36 Cal. 489.) The party seeking to suppress the evidence must sustain the burden of showing that it comes within the rule. (*Carroll* v. *Sprague,* 59 Cal. 655.) 'And it must appear that the witness learned the matter only as counsel or attorney or solicitor for the party, and not in any other way, and that it was received professionally and in the course of business.' (*Sharon* v. *Sharon,* 79 Cal. 633, 22 Pac. 26, 131.) The communication must be confidential, and so regarded, at least by the client, at the time. (Id.)''

Viewed in the light of these authorities, which merely state elementary principles of law, this record fails to show that the relation of attorney and client existed between the witness and Henry R. Bartlett, and the court was in error in excluding the deposition.

Respondent urges that this court will not review the matters presented in this instance, for the reason that the record does not purport to contain all the evidence. But with reference to this we reply, in the language of the court of appeals of Illinois: ''When the error relied on is that the verdict or finding is contrary to the evidence, then, to avail of such assignment of error, it must appear that all the evidence has been

preserved by the bill of exceptions; but when there is no such assignment, but the question is as to the rejection of evidence tending to prove the issue, it is not necessary for the bill of exceptions to contain all the evidence. (*Nason* v. *Letz*, 73 Ill. 371; *Schmidt* v. *Chicago etc. Ry. Co.*, 83 Ill. 405, 412." (*Kimball Co.* v. *Cruikshank*, 90 Ill. App. 3.)

It is further urged that this court will not direct a new trial if, as respondent contends, the complaint does not state a cause of action. But on appeal this court reviews the errors presented by the appellant, not those suggested by the respondent (*Benepe-Owenhouse Co.* v. *Scheidegger*, 32 Mont. 424, 80 Pac. 1024); and, where the error alleged is the granting of a nonsuit, this court will review the action of the lower court with reference to the condition of the case as presented to that court when it passed upon the motion, and will consider only the grounds urged in the motion for nonsuit. (*Raimond* v. *Eldridge*, 43 Cal. 506; *Shain* v. *Forbes et al.*, 82 Cal. 577, 23 Pac. 198.) In this last case the court said: "It is settled law in this state that when a party moves for a nonsuit, the grounds of the motion must be precisely stated, and no other grounds than those stated can be considered by the court in granting or refusing the motion, or by the appellate court in reviewing the order. (*Coffey* v. *Greenfield*, 62 Cal. 602; *Gardner* v. *Schmaelzle*, 47 Cal. 588; *Raimond* v. *Eldridge*, 43 Cal. 506; Hayne on New Trial and Appeal, sec. [117] 116.)"

The rule stated above is a general one, and whether it will apply in case it appears to the appellate court that the complaint not only does not state a cause of action, but cannot be amended to do so, we do not now determine. The order of the court is reversed, and the cause remanded, with direction to grant a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.