MACKEL, APPELLANT, v. BARTLETT, RESPONDENT.

(No. 2,421.)

(Submitted October 4, 1907.   Decided October 21, 1907.)

[91 Pac. 1064.]

*Bankruptcy—Preferences—Findings—Evidence—Sufficiency.*

Bankruptcy—Creditors—Preference—Findings—Evidence—Sufficiency.
    1.   Evidence adduced in an action by a trustee in bankruptcy to re-
cover a sum of money alleged to have been paid to defendant by his
brother, a bankrupt, in preference over other creditors, when defendant
had reasonable cause to believe that a preference was intended, ex-
amined and *held* to justify a finding that defendant did not have
reasonable cause to believe that the bankrupt, when making payment,
intended to give him a preference over other creditors.

Same—Preference—Proof.
    2.   For a trustee in bankruptcy to succeed in an action to recover the
amount of an alleged preference, it is incumbent upon him to prove
that defendant had reasonable cause to believe that his debtor, in mak-
ing payment, intended to give him a preference, and that the debtor
was then in fact insolvent; hence, mere grounds of suspicion on the
part of the creditor that his debtor is in failing circumstances, or is
insolvent, are not sufficient to avoid a payment to such creditor, even
though it had the effect of giving him a preference over other creditors.

*Appeal from District Court, Silver Bow County; Geo. M.
Bourquin, Judge.*

ACTION by Alexander Mackel, as trustee in bankruptcy of the
estate of Fredrick A. Bartlett, against Henry R. Bartlett, to re-
cover an alleged preference made to defendant by the bankrupt.
From a judgment for defendant, and an order denying plaintiff
a new trial, he appeals.   Affirmed.

*Mr. John A. Shelton,* for Appellant.

The question presented for determination is whether from the
evidence before the court, the finding of the trial court to the
effect that the defendant at the time of such preference did not
have reasonable cause to believe that a preference was intended,
is correct.   This suit is in equity.   (*Pond* v. *Bank,* 124 Fed. 992;
*Houghton* v. *Stiner,* 92 App. Div. 171, 87 N. Y. Supp. 10; *Dyer*

*v. Kratzenstein,* 103 App. Div. 404, 92 N. Y. Supp. 1012; *Parker* v. *Black,* 143 Fed. 560; *Dokken* v. *Page,* 147 Fed. 438.) The fact that a money judgment alone is asked is not a test by which the question of whether jurisdiction is or is not in equity may be determined. (*Van Rensselaer* v. *Van Rensselaer,* 113 N. Y. 207, 21 N. E. 75; *Rindge* v. *Baker,* 57 N. Y. 209, 15 Am. Rep. 475; *Cathcart* v. *Robinson,* 5 Pet. (U. S.) 264, 8 L. Ed. 120.) Suits of this kind are commonly brought in equity. (*Bardes* v. *Bank,* 122 Iowa, 443, 98 N. W. 284; *Wright* v. *Skinner,* 136 Fed. 694; *Harris* v. *Bank,* 110 Tenn. 239, 75 S. W. 1053.)

The defendant had reasonable cause to believe, at the time the payment was made to the bank on February 6, 1899, that a preference was intended. (*Dutcher* v. *Wright,* 94 U. S. 553, 24 L. Ed. 130; *Hargreaves Bros.* v. *Hackney* (Neb.), 104 N. W. 855; *Dokken* v. *Page,* 147 Fed. 438.) The evidence was sufficient to place the defendant upon inquiry (and insolvency actually existing in fact), to charge the defendant with constructive notice of preferential intent on the part of the bankrupt. (*In re Nassau,* 140 Fed. 912; *Parker* v. *Black,* 143 Fed. 560; *Christopherson* v. *Oleson,* 19 S. Dak. 176, 102 N. W. 685; *Harris* v. *Bank,* 110 Tenn. 239, 75 S. W. 1053; *Capital Nat. Bank* v. *Wilkerson,* 36 Ind. App. 467, 75 N. E. 837; *Bardes* v. *Bank,* 122 Iowa, 443, 98 N. W. 284.)

*Mr. John J. McHatton,* for Respondent.

An action under the Bankruptcy Act, may be in certain instances in equity, and in certain instances at law. Wherever it is necessary to reach property and to have the exercise of the equitable jurisdiction of the court, to bring the same into a fund for the creditors, the action may be maintained in equity; but where the plaintiff frames his complaint, as in this case, and seeks a money judgment only, then the action would seem to be at law. (*Kaufman* v. *Tredway,* 195 U. S. 271, 25 Sup. Ct. 33, 34, 49 L. Ed. 190; *Sundheim* v. *Ridge Avenue Bank,* 138 Fed. 951, 953; *Wetstein* v. *Franciscus,* 133 Fed. 900, 67 C. C. A. 62; *In re*

*Andrews,* 135 Fed. 599; *Thomas* v. *Aldeman,* 136 Fed. 973; *Sessions* v. *Johnson,* 95 U. S. 347, 354, 24 L. Ed. 596; *Hodge* v. *Kohn,* 57 S. C. 69, 45 S. E. 102; *Harmon* v. *Walker,* 131 Mich. 540, 91 N. W. 1025; *Hackney* v. *Raymond Bros. Clarke Co.,* 68 Neb. 624, 94 N. W. 822, 824, 99 N. W. 675; *Sherman* v. *Luckhardt,* 96 Mo. App. 320, 70 S. W. 388; *Landis* v. *McDonald,* 88 Mo. App. 335; *Forbes* v. *Howe,* 102 Mass. 427, 436, 3 Am. Rep. 475; *Rice* v. *Grafton Mills,* 117 Mass. 228, 232; *Barbour* v. *Priest,* 103 U. S. 293, 26 L. Ed. 478.) We also call the court's attention to the foregoing cases on the proposition that mere supposition is not enough. It must be shown by satisfactory evidence that the intent to prefer existed, and that the defendant had reasonable grounds and cause to believe the same. (*Wilkinson* v. *Anderson-Taylor Co.,* 28 Utah, 346, 79 Pac. 46; *Turner* v. *Fisher,* 133 Fed. 594; *In re Goodhile,* 130 Fed. 473; *Stucky* v. *Masonic Savings Bank,* 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640.) The mere fact of the failure to meet obligations when they fall due is not sufficient. (*Hackney* v. *Raymond Bros. Clarke Co.,* 68 Neb. 624, 94 N. W. 824, 99 N. W. 675; *Lyon* v. *Clark,* 129 Mich. 381, 88 N. W. 1046.) The fact that one creditor is paid in full is not sufficient evidence. (*Kingsbury* v. *First Nat. Bank of Smith Center,* 71 Kan. 570, 81 Pac. 187.) The taking of security is not sufficient evidence. (*Empire State Trust Co.* v. *Fisher Co.,* 67 N. J. Eq. 88, 57 Atl. 502; *Hardy* v. *Gray,* 144 Fed. 922; see, also, *Jaquith* v. *Alden,* 189 U. S. 78, 23 Sup. Ct. 649, 47 L. Ed. 717; *New York County Nat. Bank* v. *Massey,* 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; *Yaple* v. *Dahl-Millikan Co.,* 193 U. S. 526, 24 Sup. Ct. 552, 48 L. Ed. 776.) The cases of *Hargreaves Bros.* v. *Hackney* (Neb.), 104 N. W. 855, and *Dokken* v. *Page,* 147 Fed. 438, cited by appellant, are not in point in this case. There was no sale of goods made to the defendant. The defendant was not directly a creditor of Frederick A. Bartlett; he was not taking something which might benefit him beyond the price which he might pay. The conditions in the cases cited are quite different from this. A person seeking to obtain a decided profit and preference for himself, such as in buying goods for

less than their value, will be required to observe diligence and good faith.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On February 4, 1899, and for some time prior thereto, Frederick A. Bartlett was engaged in the mercantile business in Butte. On February 4th he sold his entire stock of goods to Ras Rochester. At that time he was indebted to the First National Bank of Butte in the sum of $1,500, which indebtedness was evidenced by a promissory note upon which his brother, Henry R. Bartlett, this defendant and respondent, was surety. Immediately after the sale Frederick A. Bartlett gave Henry R, Bartlett a check, signed by Rochester, for something over $1,530, with directions to pay the indebtedness to the bank, and such payment was made on February 6th, and the balance received from the check, over and above the amount of the indebtedness to the bank, was deposited in the name of Frederick A. Bartlett or his wife. For the purposes of this appeal it may be said that this payment to the bank was made at the instance and request of Henry R. Bartlett, though there seems to be some controversy as to this fact. On February 8th, Frederick A. Bartlett filed a petition asking that he be adjudged a bankrupt, and upon such adjudication the plaintiff herein was selected as trustee, qualified as such, demanded of Henry R. Bartlett that he turn over to the plaintiff an amount equal to the amount paid to the bank, and, upon his refusal to do so, this action was commenced.

The complaint alleges that the payment made to the bank was made with the intent to prefer Henry R. Bartlett over the other creditors of Frederick A. Bartlett, and that the defendant had reasonable cause to believe that such preference was intended. These allegations were denied in the answer. Upon the first trial the district court excluded certain evidence, offered by the plaintiff, and then granted defendant's motion for a nonsuit, and entered judgment in his favor. Upon appeal this court held that the ruling of the trial court in excluding the offered evidence was

erroneous, and remanded the cause for a new trial. (*Mackel* v. *Bartlett,* 33 Mont. 123, 82 Pac. 795.) Upon retrial the district court found that on February 6th Frederick A. Bartlett was insolvent, but that Henry R. Bartlett was "without reasonable cause to believe * * * that by payment of said note as aforesaid Frederick A. Bartlett intended to give him, Henry R. Bartlett, a preference over other creditors of said Frederick A. Bartlett." As a conclusion of law the court held that plaintiff was not entitled to recover, and entered judgment in favor of the defendant, from which judgment, and an order denying his motion for a new trial, the plaintiff appeals.

Appellant's specifications of error raise only the question of the sufficiency of the evidence to justify the finding and the conclusion of the court, There is some conflict in the evidence; but appellant insists that the testimony discloses facts and circumstances sufficient to have put Henry R. Bartlett upon inquiry, which, if pursued, would have led him to but one conclusion, viz., that it was intended to give him a preference over the other creditors of Frederick A. Bartlett. And it is true that some facts are disclosed by the testimony which, if standing alone, would seem to justify appellant's contention; but, when the testimony is considered as a whole, the conclusion of the district court seems to be fully sustained.

The liabilities of Frederick A. Bartlett listed in his petition in bankruptcy, exclusive of the Joseph A. Hyde claim, which the bankrupt testified he did not owe, amounted to $4,734.48, and, including his indebtedness to the bank, his liabilities did not exceed $6,264.48, while the bill of sale from Frederick A. Bartlett to Rochester, offered in evidence by the plaintiff upon this trial, recites that the consideration for the sale was $6,344.25; and, in another action by this plaintiff against Rochester, plaintiff himself alleged that the stock of goods sold by Frederick A. Bartlett to Rochester exceeded in value the sum of $8,563. In view of what appears to have been a studied effort on the part of counsel for plaintiff to avoid asking Frederick A. Bartlett, while on the witness stand as a witness for plaintiff, what amount in fact he

actually received from the sale of his stock of goods to Rochester, and the testimony of the defendant that he considered the stock of goods of a value greater than the amount of his brother's liabilities, that he advised his brother to sell, pay his debts, and start in business anew, that he did not know that his brother was in failing circumstances, that he believed he had money sufficient from the sale to pay his debts, and knew nothing of his contemplating bankruptcy proceedings until after the petition was filed, the finding and conclusion of the court attacked upon this appeal seem fully warranted.

Mere grounds of suspicion on the part of the creditor that the debtor is in failing circumstances, or is insolvent, are not sufficient to avoid a payment to such creditor, even though it has the effect of giving him a preference over other creditors. In order to succeed in his action, it was incumbent upon the plaintiff to prove that the defendant had reasonable cause to believe that his brother intended to give him a preference over other creditors, and this necessarily involves proof upon the part of plaintiff that defendant knew, or had reasonable cause to believe, that Frederick A. Bartlett was in fact insolvent when the indebtedness to the bank was paid. (*Des Moines Sav. Bank* v. *Morgan Jewelry Co.*, 123 Iowa, 432, 99 N. W. 121; *Barbour* v. *Priest*, 103 U. S. 293, 26 L. Ed. 478.)

While "insolvency," as used in Bankruptcy Act of July 1, 1898 (30 Statutes at Large, 544 [U. S. Comp. Stats. 1901, p. 3418]), has a meaning different from what the same term had in the Act of 1867 (Act March 2, 1867, 14 Statutes at Large, 517), still decisions by the courts upon questions arising under the Act of 1867 are applicable, in so far as they announce a rule of law for determining whether a creditor receiving a preference had reasonable cause to believe that his debtor was insolvent. A leading case upon this subject is *Grant* v. *Bank*, 97 U. S. 80, 24 L. Ed. 971, wherein, among other things, it is said: "It is not enough that a creditor has some cause to suspect the insolvency of his debtor; but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to in-

validate a security taken for his debt.   To make mere suspicion a ground of nullity in such a case would render the business transactions of the community altogether too insecure.   It was never the intention of the framers of the Act to establish any such rule. A man may have many grounds of suspicion that his debtor is in failing circumstances, and yet have no cause for a well-grounded belief of the fact.   He may be unwilling to trust him further, he may feel anxious about his claim and have a strong desire to secure it, and yet such belief as the Act requires may be wanting.   Obtaining additional security, or receiving payment of a debt, under such circumstances, is not prohibited by law.''   (*Stucky* v. *Bank*, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640; see, also, *In re Eggert*, 102 Fed. 735, 43 C. C. A. 1, where the cases are reviewed at length.)

Finding no error in the record, the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

