O. W. PARKER, Trustee, Appellee, v. J. W. BLOOMFIELD, Appellant.

**BANKRUPTCY:** Preference—Evidence. Evidence held sufficient to show that a mortgagee, when he took his mortgage, had such knowledge of the insolvency of the mortgagor as to constitute the mortgage an unlawful preference.

*Appeal from Story District Court.*—H. E. FRY, Judge.

MARCH 11, 1924.

ACTION by trustee in bankruptcy, to set aside a chattel mortgage given by the bankrupt to the defendant. The trial court entered a decree in behalf of the plaintiff, and the defendant appeals.—*Affirmed.*

*Addison & Smedal* and *Dale & Harvison,* for appellant.

*Bert B. Welty,* for appellee.

FAVILLE, J.—Appellant is the owner of a farm in Story County. The bankrupt, DeBartello, was his tenant. The rental

for the premises was to be paid in cash, and the bankrupt was in arrears to the amount of about $3,000. In the chronological order of events surrounding the transaction in question, it appears that one Lundy, a merchant, had sold goods to DeBartello, and had a claim against him for $258. Lundy endeavored to collect from DeBartello by purchasing a pair of mules for $300 and agreeing to pay $50 in cash. DeBartello informed Lundy that he could not dispose of the mules without the consent of appellant. At that conversation, Lundy and DeBartello talked at considerable length with regard to DeBartello's financial condition. Shortly thereafter, Lundy had an interview with appellant, and informed him of the proposition regarding the purchase of the mules. Lundy testified that at that conversation he talked over the condition of DeBartello's finances with appellant; that he knew at that time of a number of claims against DeBartello, and says that he told appellant that he did not see how DeBartello could pay out. He asked appellant to release the mules, which appellant refused to do. Lundy testified that he told appellant that he (Lundy) "knew DeBartello was broke," and that appellant replied that he knew he was, or that in substance. Just what was said between these parties at that time is a matter of direct conflict in the evidence. Appellant denies the conversation as claimed by the witness Lundy, but we are satisfied from the record that the parties did at the time, at least in a general way, discuss the financial condition of DeBartello and his probable ability to pay.

After this conversation with Lundy, appellant went to see DeBartello, and asked him to execute a chattel mortgage in favor of appellant. DeBartello claims that at that conversation he told appellant that, if appellant tied him up with a chattel mortgage, he could not pay other people, and that appellant told him to let the other people wait. Thereafter, appellant went to Colo and interviewed a banker to whom DeBartello was also indebted. They had some discussion with regard to DeBartello and his financial condition. The banker advised appellant not to take a mortgage on DeBartello's property, but that, if the latter was given a chance, he believed he would work out, and pay his creditors. It was suggested between the banker and appellant that the latter should see Lundy again and ascertain whether he

intended to sue DeBartello, and, if he did, that appellant would advise the banker at once. Appellant, however, did not see Lundy again, but the next day employed counsel and started an attachment suit against DeBartello, and had a writ levied upon his property. The following day was Sunday, and appellant again went to Colo and had another conference with his banker in regard to the matter, and on Monday following, another conference was held, at which DeBartello and his wife were present, and at this time the mortgage in question was executed and delivered to appellant, and the attachment suit was dismissed.

We have not attempted to set out the details of the evidence. To do so would unduly lengthen this opinion. The burden rested upon appellee to establish that, at the time of the giving of the chattel mortgage, the maker thereof was in fact insolvent, and that the mortgage was given as a preference, and that the mortgagee had knowledge of such facts as to induce a reasonable belief on his part of the insolvency. *Barbour v. Priest*, 103 U. S. 293; *Boudinot v. Hamann*, 117 Iowa 22; *Deland v. Miller & Cheney Bank*, 119 Iowa 368.

Under the record in this case, it was fairly established that, at the time of the execution of the chattel mortgage, the maker thereof was insolvent. The real question involved in the case is whether or not the evidence is sufficient to charge appellant with knowledge of the insolvency of DeBartello at the time of the taking of the chattel mortgage. From an examination of the record and of all of the facts and circumstances surrounding the transaction as shown therein, we are disposed to acquiesce in the conclusion of the trial court that appellant was chargeable, under the circumstances, with knowledge of the insolvency of the bankrupt at the time of the taking of the chattel mortgage, and that said chattel mortgage constituted a preference, within the terms and provisions of the Bankruptcy Act.

We are persuaded that the greater weight of the evidence sustains the conclusion of the trial court. The decree appealed from is—*Affirmed*.

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.